IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JALEEN GLADNEY, S15300,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-03822-SMY |
| ) | |
| **STATE OF ILLINOIS,** ) | |
| **and MADISON COUNTY JAIL,** ) | |
| ) | |
| Defendants. ) | |

# ORDER

This matter is before the Court for case management. Plaintiff Jaleen Gladney filed the instant civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at the Madison County Jail. (Doc. 1). The Complaint was dismissed without prejudice on February 16, 2024, and Plaintiff was directed to file an amended complaint on or before March 18, 2024. He was warned the case would be dismissed if he failed to comply. (Doc. 12). Plaintiff did not file an amended complaint.

The Order directing Plaintiff to submit an amended complaint was returned to this Court undeliverable and was re-sent to Plaintiff at his updated address[1] on March 28, 2024. (Doc. 10). The Court also entered a Notice of Impending Dismissal, warning Plaintiff that this case would be dismissed if he failed to file an amended complaint and notify the Court of his updated address by April 12, 2024. (Doc. 14). That deadline has passed, and Plaintiff has failed to submit an amended complaint or update his address. Accordingly, this case is **DISMISSED with prejudice** for failure to state a claim for relief and for failure to comply with a court order and prosecute. FED. R. CIV. P. 41(b); *see James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Lucien v. Breweur*,

---

[1] Pursuant to a Court Order entered by District Judge Stephen P. McGlynn in Case No. 24-cv-00050-SPM, Plaintiff's address was updated to Graham Correctional Center on February 27, 2024.

9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  See FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 6, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**